UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NORMA CAPIZZI,

                *Plaintiff,*

      -against-

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., JPMORGAN CHASE BANK, N.A.,
FIRST BANK & TRUST AND MERCURY
FINANCIAL LLC,

                *Defendants.*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

By and through the undersigned counsel, Plaintiff Norma Capizzi ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

### Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendants JPMorgan Chase Bank, N.A. ("Chase"), First Bank & Trust ("FB&T") and Mercury Financial LLC ("Mercury") (Chase, FB&T, and Mercury are the "Furnisher Defendants"), and against Defendants Equifax Information Services LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") (Equifax and Experian are the "CRA Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

**Jurisdiction and Venue**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this District.

**The Parties**

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Tonawanda, New York.

6. Defendant JPMorgan Chase Bank, N.A. is a New York entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

7. Defendant First Bank & Trust is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

8. Defendant Mercury Financial LLC is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

9. Defendant Equifax is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

10. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

**Plaintiff's Claims Against Defendants Pursuant to
the Fair Credit Reporting Act**

11. Many of Plaintiff's credit accounts were discharged in bankruptcy on December 14, 2023.

12. Among the accounts which were discharged was a Chase credit account opened September 17, 2023 ("Chase Account").

13. Despite the Chase Account having already been discharged in bankruptcy, Furnisher Defendant Chase continued to report a charge-off account status and balance on Plaintiff's Equifax credit report.

14. Also among the discharged accounts was a credit account listed on Plaintiff's credit report as being held by "FB&T/Mercury," opened in May 2022 ("FB&T/Mercury Account").

15. Upon information and belief, First Bank & Trust issued and/or owned the account, while Mercury Financial LLC serviced and administered the account.

16. Upon information and belief, Mercury Financial LLC furnished the disputed information, received notice of Plaintiff's dispute from Experian, conducted the resulting investigation, and verified the information as accurate. In the alternative, to the extent Mercury Financial LLC did not perform one or more of those functions, First Bank & Trust performed those functions, either independently or through Mercury Financial LLC as its agent or servicer.

17. Despite the FB&T/Mercury Account having already been discharged in bankruptcy, Furnisher Defendants FB&T and/or Mercury continued to report late payment history post-dating the discharge on Plaintiff's Experian credit report.

18. Plaintiff disputed the inaccurately reporting Chase Account to Equifax and the FB&T/Mercury Account to Experian.

19. All Defendants failed to reasonably investigate Plaintiff's disputes and correct the inaccurate reporting.

20. Equifax published the charge-off status and balance associated with the Chase Account to Aspire on July 7, 2026. This publication defamed Plaintiff, thereby:

    a. Giving Aspire the false impression that Plaintiff was a poor credit risk.

    b. Impugning Plaintiff's reputation and character.

    c.   Causing Plaintiff to suffer substantial emotional distress as described herein.

21. Among other examples of defamatory publications, Experian published the inaccurate late payment history associated with the FB&T/Mercury Account to Montgomery Ward/DM Services on June 25, 2026. This publication defamed Plaintiff, thereby:

    a.   Giving Montgomery Ward/DM Services the false impression that Plaintiff was a poor credit risk.

    b.   Impugning Plaintiff's reputation and character.

    c.   Causing Plaintiff to suffer substantial emotional distress as described herein.

*Equifax Dispute*

22. On May 18, 2026, Plaintiff disputed the charge-off status and balance associated with the Chase Account to Equifax ("Equifax Dispute").

23. Upon information and belief, Equifax notified Chase about the Equifax Dispute.

24. After Plaintiff's dispute and upon information and belief, Chase verified to Equifax that the charge-off status and balance were reporting accurately even though Chase could not, had it performed a reasonable investigation, have verified that the disputed information was accurate.

25. Equifax, in turn, continued to report the disputed charge-off status and balance even though, had Equifax performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Equifax informed Plaintiff of its conclusion in dispute results dated May 30, 2026.

*Experian Dispute*

26. On May 12, 2026, Plaintiff disputed the late payment history associated with the FB&T/Mercury Account to Experian ("Experian Dispute").

27. Upon information and belief, Experian notified FB&T and/or Mercury about the Experian Dispute.

28. After Plaintiff's dispute and upon information and belief, FB&T and/or Mercury verified to Experian that the late payment history was reporting accurately even though FB&T and/or Mercury could not, had they performed a reasonable investigation, have verified that the disputed information was accurately reporting.

29. Experian, in turn, continued to report the disputed late payment history even though, had Experian performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Experian informed Plaintiff of its conclusion in dispute results dated June 22, 2026.

### *Damages*

30. At all times pertinent hereto, the conduct of each Defendant and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

31. In the alternative, the conduct of each Defendant and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

32. Each Defendant, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to one or more third parties.

33. Each Defendant's publications of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

   a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself

through headaches, difficulty sleeping, frustration, humiliation, apprehension about applying for credit, depression, lack of appetite, and instances of crying.

b. Plaintiff was defamed by each Defendant, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to Plaintiff's ongoing emotional distress.

34. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

35. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

**First Cause of Action**
**Violations of the FCRA by Chase, FB&T, and Mercury**
**(Furnisher Defendants)**

36. Because of its unlawful reporting and verification of the charge-off status and balance, Furnisher Defendant Chase is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

a. failing to conduct a reasonable investigation of Plaintiff's dispute of the charge-off status and balance reporting on Plaintiff's Equifax credit report after, upon information and belief, Chase received notice of Plaintiff's dispute from Equifax;

b. failing to review all relevant information provided to Chase by Equifax concerning Plaintiff's dispute of the charge-off status and balance;

---

[1] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

    c.   failing to promptly modify, delete, or permanently block any and all information about the disputed charge-off status and balance that Chase, had it conducted a reasonable investigation of Plaintiff's dispute, could not have affirmatively verified as accurate; and

    d.   falsely representing to Equifax that Plaintiff remained personally liable for the balance associated with the Chase Account.

37. Because of its unlawful reporting and verification of the late payment history, Furnisher Defendants FB&T and/or Mercury are liable to Plaintiff for violating § 1681s-2(b) of the FCRA by their acts and omissions, including but not limited to:

    a.   failing to conduct a reasonable investigation of Plaintiff's dispute of the late payment history reporting on Plaintiff's Experian credit report after, upon information and belief, FB&T and/or Mercury received notice of Plaintiff's dispute from Experian;

    b.   failing to review all relevant information provided to FB&T and/or Mercury by Experian concerning Plaintiff's dispute of the late payment history;

    c.   failing to promptly modify, delete, or permanently block any and all information about the disputed late payment history that FB&T and/or Mercury, had they conducted a reasonable investigation of Plaintiff's dispute, could not have affirmatively verified as accurate; and

    d.   falsely representing to Experian that Plaintiff was responsible for the late payment history.

**Second Cause of Action**
**Violations of the FCRA by Equifax and Experian**
**(Consumer Reporting Agencies)**

*Violations of FCRA § 1681e(b)*

38. Equifax and Experian each violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Equifax and Experian did not follow reasonable procedures to assure maximum possible accuracy of information they reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the charge-off status, balance and/or late payment history.

*Violations of FCRA § 1681i*

39. Equifax violated FCRA § 1681i(a)(1) by failing to conduct a reasonable reinvestigation of the charge-off status and balance after Plaintiff disputed their accuracy to determine whether the disputed information was accurately reporting.

40. Equifax violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's dispute of the charge-off status and balance.

41. Equifax violated FCRA § 1681i(a)(5) by failing to promptly delete the charge-off status and balance from its consumer file for Plaintiff despite the fact that Equifax, had it conducted a reasonable reinvestigation of Plaintiff's dispute, could not have affirmatively verified that the disputed information was accurate.

42. Experian violated FCRA § 1681i(a)(1) by failing to conduct a reasonable reinvestigation of the late payment history after Plaintiff disputed its accuracy to determine whether the disputed information was accurately reporting.

43. Experian violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's dispute of the late payment history.

44. Experian violated FCRA § 1681i(a)(5) by failing to promptly delete the late payment history from its consumer file for Plaintiff despite the fact that Experian, had it conducted a reasonable reinvestigation of Plaintiff's dispute, could not have affirmatively verified that the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. A correction of any inaccurate consumer reporting.

3. Such other and further relief as may be necessary, just, and proper.

### Demand For Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Servando Martinez*
Servando Martinez
**Sherman & Ticchio PLLC**
servando@st-legal.com
120 N. Main Street, Suite 302(b)
New City, NY 10956
212.324.3874